No. 85-271

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

FIRST BANK (N.A.)-BILLINGS,

Plaintiff and Respondent,

-vs-

JIMMY RAY HEIDEMA, Personal Representative
of the estate of Louis Heidema, et al.,

Defendants and Appellants.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Charles Luedke, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Jimmy Ray & Leilla May Heidema, pro se, Sheperd,
Montana
Agnes Heidema, pro se, Billings, Montana
Louis J. Heidema, pro se, Billings, Montana
Judith Gail Heidema, pro se, Billings, Montana

For Respondent:

P.C.,
Moulton, Bellingham, Longo & Mather; Gregory G.
Murphy, Billings, Montana

Submitted on Briefs: Oct. 24, 1985

Decided: January 7, 1986

Filed:   JAN 7 - 1986

_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order of the District Court of the Thirteenth Judicial District, the Honorable Charles Luedke presiding, in and for Yellowstone County, Montana, awarding plaintiff certain sums of principal and interest owing on a note, and ordering defendant to pay plaintiff's attorney fees and costs. We affirm.

Louis and Agnes Heidema, husband and wife, had been customers of First Bank (N.A.)-Billings (Bank) since the mid-1950's. Their loans had been administered by various lending officers. One loan taken out prior to 1976 was criticized by the bank examiner. In order to give additional substance to the loan and get it off the classified list, the Bank applied for and received a loan guarantee from the Farmers Home Administration (FHA). Subsequently First Bank loaned the Heidemas $350,000 on which they were to make an annual $50,000 payment, plus accrued interest. Heidemas fell behind in repaying the loan. The Bank made repeated efforts to assist them in working out a plan for reducing their debt, to no avail. Frequent letters from agricultural loan officer Ralph Stenehjem detailing the precariousness of their financial situation were ignored. At one point the Bank even refunded some $9,000 interest Heidema believed he had been overcharged. When the complaint was filed Heidemas had at least two notes outstanding, including the one guaranteed by FHA.

This case is one of delay and avoidance by Heidemas. The complaint was filed and a writ of attachment issued in June, 1982, against the defendants d/b/a Heidema Partnership. Counsel in Billings, Montana, appeared for the partnership by

2

motion to alter or amend an order of attachment. Three weeks later counsel again appeared on behalf of the named defendants by a motion to dismiss for failure to state a claim. Defendants did not file a brief in support of the motion and pursuant to Rule 5 of the Rules of the District Court of the Thirteenth Judicial District, the motion was denied. Louis Heidema died in July 1982, and Jimmy Ray Heidema was appointed personal representative of the estate. The Bank moved to substitute the estate for the deceased defendant. Thereafter, in 1982 and 1983, the parties exchanged written discovery.

In September, 1982, defendants moved to substitute counsel. Soon after, Heidemas' new counsel filed an answer on behalf of all defendants. First Bank requested a pre-trial or trial setting. A pre-trial conference and trial were scheduled. Heidemas took depositions of two bank officials and then moved for continuance of the trial. After being fired, Heidemas' new counsel moved to withdraw as counsel. The trial date was continued. The court advised Jimmy Ray Heidema to seek counsel and that it would not accept further delay by reason of failure to obtain counsel.

Thereafter Heidemas filed a flurry of pro se motions. The court allowed them to file an amended answer and a counterclaim, but denied a request for a jury trial on the grounds they had waived the right by failing to demand a jury trial within the time allotted by Rule 38(b) and (d), M.R.Civ.P. Heidemas appealed the denial and the Supreme Court dismissed the appeal on the grounds the order was not an appealable order.

The record is replete with examples of Heidemas' failure to appear for timely noticed depositions. They

failed to appear at a hearing on the Bank's motion to compel production of documents. Twice they failed to appear at a hearing on a motion to take depositions, they did not appear for the depositions, nor did they produce any documents. This despite court orders directing them to appear. They also failed to appear at the Bank's deposition of loan officer Ralph Stenehjem.

When the Bank served notice on the Heidemas that it intended to move for entry of judgment at the pre-trial hearing, none of the Heidemas appeared at the hearing to contest the motion. Their absence made it impossible to work out a pre-trial order and make other arrangements for trial. The District Court entered a judgment in favor of First Bank and Heidemas appeal.

Although Heidemas assert some nine issues for review by this Court, the only genuine issue is whether the District Court abused its discretion in entering judgment in favor of First Bank. We find it did not. In fact, the court showed inordinate patience, and a refusal to act would have prejudiced the rights of First Bank.

Resolution of the issue depends on the application of Rule 37(b), (c) and (d), M.R.Civ.P. Rule 37(d) gives the court the power to enter an order of judgment if a party fails to attend his own deposition or to produce documents. Rule 37(b) and (c) gives the court the discretionary power to enter an order of judgment when a party refuses to comply with court orders directing responses to discovery. Heidemas refused to attend their own deposition, refused to produce documents, and ignored court orders directing them to comply.

This Court's attitude towards dilatory discover tactics is unequivocal:

4

> In adopting a position that dilatory discovery actions are no longer to be dealt with leniently, we are in accord with the recent trend of cases intent upon punishing transgressors rather than patiently trying to encourage their cooperation . . . When litigants use willful delay, evasive responses, and disregard of court direction as part and parcel of their trial strategy, they must suffer the consequences.

Owen v. F.A. Buttrey (Mont. 1981), 627 P.2d 1233, 1235, 1236, 38 St.Rep. 714, 717, 718.

The emerging standards for willfullness in the Ninth Circuit should dispell any reluctance on the part of trial judges to apply sanctions.

> Where it is determined that counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or order, it is within the discretion of the trial court to dismiss the action or to render judgment by default against the party responsible for the default . . . Litigants who are willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents. It is even more important to note, in this era of crowded dockets, that they also deprive other litigants of an opportunity to use the courts as a serious dispute-settlement mechanism.

G-K Properties v. Redevelopment Agency, Etc. (9th Cir. 1978), 577 F.2d 645, 647.

While we are predisposed to give pro se litigants considerable latitude in proceedings, that latitute cannot be so wide as to prejudice the other party, as happened in the case at bar. To do so makes a mockery of the judicial system and denys other litigants access to the judicial process. It is reasonable to expect all litigants, including those acting pro se, to adhere to the procedural rules. But flexibility cannot give way to abuse. We stand firm in our expectation

5

that the lower courts hold all parties litigant to procedural standards which do not result in prejudice to either party. The judgment ordered by the lower court in this case was well within the boundaries of its discretion and it is affirmed.

_____ Justice

We concur:

_____

_____

_____ John B. Shelby

_____ Justices