No. 98-566

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 190N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

H. DEAN WEBB,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourteenth Judicial District,

In and for the County of Musselshell,

The Honorable Roy C. Rodeghiero, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

H. Dean Webb, *Pro Se*, Roundup, Montana

For Respondent:

Hon. Joseph P. Mazurek, Montana Attorney General

C. Mark Fowler, Assistant Attorney General, Helena, Montana

Randal I. Spaulding, Musselshell County Attorney, Roundup, Montana

Elizabeth Horsman, Special Deputy County Attorney, Prosecution

Services Bureau, Department of Justice, Helena, Montana

Submitted on Briefs: July 22, 1999

Decided: August 10, 1999

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. H. Dean Webb (Webb), appearing *pro se*, appeals from the dismissal by the Fourteenth Judicial District Court, Musselshell County, of his appeal to that court for a trial *de novo* on a speeding violation of which he had been convicted in the Justice Court of Roundup Township, Musselshell County. We affirm.**

## BACKGROUND

**¶3. Webb was charged by criminal complaint in the Justice Court in February of 1998, with two misdemeanors: speeding at night and driving without liability insurance in effect. During the pendency of the case, Webb sent several letters to the Justice Court containing what loosely might be called "freeman" positions and arguments; among those was a letter advising that Webb would file an attached "proposed common law writ of prohibition" in the District Court unless the court rescinded unspecified notices and orders within 5 days.**

**¶4. The Justice Court conducted a bench trial, found Webb guilty of both charges and imposed sentence. The Justice Court's sentence and judgment informed Webb of his right to appeal to the District Court within 10 days.**

¶5. Thereafter, Webb filed in the District Court an appeal from the Justice Court and Demand to Dismiss, as well as a Petition for Common Law Writ of Prohibition, which was docketed as a separate case and denied by the District Court on May 12, 1998. The primary points of his appeal from the Justice Court--while difficult to ascertain--appear to have been that: 1) he was not guilty of either charge; and 2) the Justice Court did not possess allegedly required "legislative equity jurisdiction" or, alternatively, that the purportedly required jurisdiction did not appear of record. In an Addendum to Appeal, Webb demanded "evidence" of certain law and facts, as well as that the published rules of criminal procedure for a "statutory jurisdiction" be provided for his study and use 30 days prior to his District Court trial. Webb also stated in the Addendum that "it is an unlawful abuse of procedure for the State to use civil statutes as evidence of the law in a criminal action. The State (of Montana) cannot make its own law, then try its own law in its own courts. That is an unlawful abuse of procedure."

¶6. Webb delayed and obfuscated proceedings in the District Court through various filings and refusals to cooperate. The State of Montana (State) attempted to move the proceedings along on various occasions. For example, the State filed a formal response to an assertion by Webb that he was not aware of the basis of the District Court's jurisdiction, which pointed out that the court's jurisdiction derived from the Montana Constitution and pertinent criminal statutes. Webb replied with a Response to the State's response and an Addendum thereto.

¶7. While Webb has not filed any transcripts of the proceedings in the District Court, the record reflects that a hearing was held on August 26, 1998, on various pending matters. The District Court determined that the State was properly represented in the case and that it had jurisdiction. Webb pled not guilty to the insurance-related charge and refused to plead to the speeding charge. The District Court entered a not guilty plea for Webb on the speeding charge and set a show cause hearing for September 2, 1998, on the State's motion to dismiss the appeal. Both parties presented their arguments at the hearing and the State moved to dismiss the insurance-related charge.

¶8. The District Court subsequently filed its Order of Dismissal which traced at length Webb's harassing, insulting and disruptive conduct throughout the proceedings; sanctioned Webb in the amount of $100 under Rule 11, M.R.Civ.P., and

for contempt of court for not obeying a court order; dismissed the insurance-related charge pursuant to the State's motion; dismissed Webb's appeal of the speeding conviction on the basis that the appeal was brought to further Webb's political philosophies rather than for any proper purpose; and remanded the case to the Justice Court for enforcement of that court's sentence. Webb filed a response to the Order of Dismissal as well as a notice of appeal followed by an Addendum thereto.

## DISCUSSION

¶9. We observe at the outset that we accepted Webb's opening brief on appeal--and required the State to respond--notwithstanding the failure of that brief to comply with a number of nonsubstantive requirements contained in the Montana Rules of Appellate Procedure. We did so in accordance with our predisposition to give *pro se* litigants some latitude and flexibility in presenting their cases on appeal to this Court. *See*, *e.g.*, First Bank (N.A.)--Billings v. Heidema (1986), 219 Mont. 373, 376, 711 P.2d 1384, 1386. We repeatedly have cautioned, however, that the latitude given *pro se* litigants cannot be allowed to make a mockery of the judicial system and that "flexibility cannot give way to abuse." Indeed, "[i]t is reasonable to expect all litigants, including those acting pro se, to adhere to the procedural rules." *See, e.g., Heidema*, 219 Mont. at 376, 711 P.2d at 1386. Against this backdrop, we turn to the matters raised in Webb's opening brief on appeal.

¶10. The first matter raised in Webb's brief is captioned "JURISDICTION OF THE DISTRICT COURT," and the issue Webb attempts to raise on appeal apparently relates to some alleged defect in the District Court's jurisdiction over his case. No such defect is ascertainable by this Court from a review of the record or Webb's brief. Indeed, despite three full pages of briefing on this matter, Webb does not point to a specific jurisdictional problem or ruling by the District Court which he contends was erroneous. Absent an identified specific jurisdiction problem or erroneous ruling, it is not surprising that Webb does not advance authorities in support of the jurisdictional argument he apparently is attempting to make.

¶11. Rule 23(a)(4), M.R.App.P., requires the appellant's opening brief to set forth the contentions being made with respect to the issues presented and the reasons therefor, together with citations to the authorities, statutes and pages of the record relied on. An appellant's failure to abide by substantive briefing rules bars consideration of the

claims asserted. *See* Rieman v. Anderson (1997), 282 Mont. 139, 147, 935 P.2d 1122, 1126-27. In addition, this Court does not address allegations of error where no argument is presented regarding the nature of the error and no authority is advanced for the proposition being asserted. *See* State v. Steffes (1994), 269 Mont. 214, 233, 887 P.2d 1196, 1208 (citations omitted). As a result of the failure of Webb's brief on the jurisdiction matter to comply with Rule 23(a)(4), M.R.App.P., we decline to address that issue.

¶12. The second matter raised in Webb's brief is captioned "NATURE AND CAUSE OF THE ACTION." In this several-page brief segment, Webb first cites to the rights set forth in the Sixth Amendment to the United States Constitution to be informed of the nature and cause of the accusation and to be confronted with the witnesses against him. He then mentions jurisdiction, standing and the requirement of "injury in fact" to meet the "case-or-controversy" requirement for justiciability. He concludes by stating "[s]tatutory jurisdiction is not among the nature and cause of actions allowed to courts."

¶13. As was the case with the first issue discussed above, Webb does not identify any specific defect or erroneous ruling of record, and it is impossible to ascertain the nature of the error being asserted. Here again, we conclude that Webb's brief does not comply with Rule 23(a)(4), M.R.App.P., and, for that reason, we do not address this portion of Webb's brief.

¶14. The third part of Webb's brief is captioned "MONTANA CODE ANNOTATED CAN BE SUPERSEDED BY JUDICIAL EDICT." Again, Webb identifies no portion of the record to which his argument refers and no specific ruling of the District Court alleged to be erroneous. Webb does cite to §§ 2-9-507, 2-9-701, and 2-16-501 (9), MCA, which relate to sureties' qualifications, required bonds for county officers and employees, and vacancies in certain offices upon the incumbent's failure to file his or her official oath or bond within the time prescribed by law, respectively. While we can glean from these statutes that Webb is attempting to challenge the District Court's determination that the State was properly represented in the case by the Musselshell County Attorney and a Special Deputy County Attorney from the Office of the Attorney General, he develops no arguments based on these statutes or anything of record which establish error by the District Court in this regard.

¶15. The obligation to establish error by a district court falls squarely on the

appellant. State v. Carter (1997), 285 Mont. 449, 461, 948 P.2d 1173, 1180. Moreover, it is not this Court's job to develop a legal analysis which might lend support to an appellant's position. *See* Johansen v. State, Dept. of Natural Resources, 1998 MT 51, ¶ 24, 288 Mont. 39, ¶ 24, 955 P.2d 653, ¶ 24 (citations omitted). Webb having failed to advance arguments establishing error by the District Court with regard to its determination that the State was properly represented, we decline to address this issue further.

¶16. The fourth part of Webb's brief is captioned "DRIVING IS A PRIVILEGE." Here, Webb argues that § 61-5-206, MCA, which authorizes the suspension of a driver's license or driving privilege under certain circumstances, is unconstitutional. There are a myriad of problems with this "issue," but only one of them need be addressed, namely, the fact that this case does not involve the suspension of Webb's driver's license or driving privilege. As a result, we decline to address this matter further.

¶17. The fifth part of Webb's brief is captioned "USC IS FRIVOLOUS GIBBERISH." Webb provides no clue as to anything of record to which this portion of his brief relates, stating only that "it is hard to come to the conclusions that were made in the transcripts of the pretrial hearings . . . ." As mentioned above, Webb has not provided any transcripts as part of the record on appeal in this case. "It is the duty of a party seeking review of a judgment, order or proceeding to present the supreme court with a record sufficient to enable it to rule upon the issues raised." Rule 9(a), M.R.App.P. Webb having failed to provide the transcripts to which this portion of his brief purportedly relates, the record is deficient for purposes of appellate review and we decline to address this matter further.

¶18. The penultimate portion of Webb's brief, consisting of one paragraph devoid of any citation to legal authority, is captioned "DENIAL OF A JURY TRIAL." The paragraph, however, relates solely to Webb's Petition for Common Law Writ of Prohibition which, as mentioned above, was docketed as a separate case and denied by the District Court. No appeal was taken from the denial of that petition and we will not entertain arguments relating to it here.

¶19. The final part of Webb's brief is captioned "RIGHT TO A JURY TRIAL." This portion of the brief is one paragraph long and contains no citations to authority. Webb having failed to comply with Rule 23(a)(4), M.R.App.P., and, thereby, having

**failed to establish any error by the District Court, we decline to address this matter further.**

**¶20. Affirmed.**

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER