No. 99-199

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 47N

CHARLES ADAMS and BETTY ADAMS,

Plaintiffs and Respondents,

v.

GERALD HEFFNER and D.J. HEFFNER,

Defendant and Appellant.

APPEAL FROM: District Court of the Twentieth Judicial District,

In and for the County of Lake,

The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Gerald Heffner, Dayton, Montana (*pro se*)

For Respondent:

Benjamin R. Anciaux, Polson, Montana

Submitted on Briefs: August 19, 1999

Decided: February 24, 2000

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2. Gerald Heffner (Heffner) appeals *pro se* from the Opinion and Order of the Twentieth Judicial District Court, Lake County, denying Heffner's challenge to disqualify District Court Judge C.B. McNeil. We affirm.

¶3. On appeal, the sole question presented is whether the District Court correctly ruled that Heffner's affidavit in support of his motion to disqualify was insufficient because it failed to allege facts showing personal bias or prejudice.

Factual and Procedural Background

¶4. On June 19, 1998, in Lake County District Court Cause Number DV-97-42, a jury returned a verdict for Charles and Betty Adams (the Adams) against Heffner. On June 26, 1998, the District Court issued its Findings of Fact, Conclusions of Law and Judgment. Heffner then appealed to this Court. Ultimately, we granted the Adams' motion to dismiss Heffner's appeal.

¶5. Prior to Heffner's aforesaid appeal being filed, a writ of execution on the judgment was issued and returned unsatisfied. Subsequently, on September 2, 1998, the Adams filed a motion to determine availability of property. On that same day, District Court Judge C.B. McNeil issued an order pursuant to § 25-14-101, MCA, for proceedings to determine availability of property. Heffner initially responded, on September 8, 1998, by filing his answer to the motion for proceedings to determine availability of property and a motion to

dismiss.

¶6.However, prior to the District Court ruling on those motions, Heffner filed a challenge to Judge McNeil under § 3-1-805, MCA, seeking to disqualify him from further involvement in the proceedings due to alleged personal bias or prejudice against Heffner. Heffner submitted an affidavit in support of the challenge for cause, alleging that Judge McNeil had "demonstrated personal bias" in issuing the order dated September 2, 1998, and that "there is sufficient animosity between Judge McNeil and myself to warrant his removal for cause."

¶7.Heffner's challenge for cause was referred to this Court and, pursuant to the provisions of § 3-1-805, MCA, District Court Judge John S. Henson was assigned to hear the disqualification proceedings. On October 2, 1998, Judge Henson issued an order denying Heffner's challenge. In that order, the District Court determined that since Heffner's affidavit failed to "allege facts showing personal bias or prejudice," the affidavit was "insufficient" pursuant to § 3-1-805, MCA. The court thus set aside Heffner's affidavit "as void" and remanded the matter. Heffner now appeals from the District Court's denial of his motion to disqualify Judge McNeil.

Discussion

¶8.Did the District Court correctly conclude that Heffner's affidavit in support of his motion to disqualify was insufficient to show personal bias or prejudice?

¶9.Section 3-1-805, MCA, which governs disqualification for cause, provides in pertinent part that:

(b) The affidavit shall be accompanied by a certificate of counsel of record that the affidavit has been made in good faith. <u>An affidavit will be deemed not to have been made in good faith if it is based solely on rulings in the case made by the challenged judge and from which an appeal could have been taken</u>.

(c) Any affidavit which is not in proper form and which does not allege facts showing personal bias or prejudice may be set aside as void.

Section 3-1-805, MCA (emphasis added).

¶10.In his affidavit, Heffner alleged that "Judge McNeil demonstrated personal bias" in issuing the order dated September 2, 1998. Heffner further complained that he was not given "an appropriate time for response" to the Adams' motion to determine availability of property. Notwithstanding Heffner's assertions in the affidavit, the record reflects that Heffner did, indeed, respond to the Adams' motion with a motion to dismiss filed on September 8, 1998. However, Heffner's challenge for cause to Judge McNeil filed only three days later precluded the court from ruling on his motion to dismiss the proceedings to determine availability of property.

¶11.More importantly, based on the allegations contained in Heffner's affidavit, it is clear that Heffner sought to disqualify Judge McNeil for issuing the September 2, 1998 order for proceedings to determine availability of property. In other words, Heffner's only stated reason for challenging Judge McNeil was "based solely on rulings in the case made by the challenged judge . . . ." Section 3-1-805, MCA.

¶12.Furthermore, under the rules of appellate procedure, an aggrieved party in a civil case may appeal "from an order directing the delivery, transfer, or surrender of property," as well as "from any special order made after final judgment." Rule 1(b)(2), M.R.App.P. Thus, we agree with the Adams that Heffner could have appealed from Judge McNeil's ruling on his motion to dismiss the proceedings to determine availability of property <u>had Heffner allowed Judge McNeil to rule on that motion</u>. That is, if Heffner had permitted the court to issue an order regarding the proceedings to determine availability of property, it would clearly have been a ruling "from which an appeal could have been taken." Section 3-1-805, MCA.

¶13.The District Court correctly denied Heffner's challenge for cause. Under § 3-1-805, MCA, Heffner's affidavit was properly deemed not to have been made in good faith since it was (1) based solely on rulings made in the case by the challenged judge, and (2) from which an appeal could have been taken. The court, therefore, acted well within its authority in setting aside Heffner's affidavit as void pursuant to § 3-1-805, MCA.

¶14.Much of Heffner's allegations on appeal focus upon the fact that, being a *pro se* litigant, he should be entitled to the "benefit of [the] doubt." For example, Heffner appears to suggest that, prior to ruling on the matter of Judge McNeil's disqualification, the District Court should have notified him that his affidavit in support of his challenge for cause was legally deficient and further provided him with an opportunity to amend his challenge to conform to the requirements of § 3-1-805, MCA. While we have given more

latitude to *pro se* litigants, there still must be reasonable compliance with procedural law. As we said in First Bank (N.A.)--Billings v. Heidema (1986), 219 Mont. 373, 711 P.2d 1384:

While we are predisposed to give pro se litigants considerable latitude in proceedings, that latitude cannot be so wide as to prejudice the other party, as happened in the case at bar. To do so makes a mockery of the judicial system and denies other litigants access to the judicial process. It is reasonable to expect all litigants, including those acting pro se, to adhere to the procedural rules. But flexibility cannot give way to abuse. We stand firm in our expectation that the lower courts hold all parties litigant to procedural standards which do not result in prejudice to either party.

Heidema, 219 Mont. at 376, 711 P.2d at 1386.

¶15. Affirmed.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ KARLA M. GRAY