No. 00-148

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 302N

ALVIN BIRKHOLZ,

Plaintiff and Appellant,

v.

DUANE BUNDY,

Defendant and Respondent.

APPEAL FROM: District Court of the Sixteenth Judicial District,

In and for the County of Custer,

The Honorable Richard A. Simonton, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Alvin Birkholz, *Pro Se*, Miles City, Montana

For Respondent:

Patrick J. Kelly, Attorney at Law, Miles City, Montana

A. Lance Tonn; Lucas & Tonn, Miles City, Montana

Submitted on Briefs: June 8, 2000
Decided: December 5, 2000

Filed:

_____

Clerk


Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 This action began in the Custer County Justice Court and was appealed to the Sixteenth Judicial District Court, Custer County, by plaintiff Alvin Birkholz. Birkholz has filed notices of appeal to this Court from three District Court orders: an order on all parties' pending pretrial motions; an order denying his motion to disqualify Judge Simonton for cause; and an order dismissing his complaint and imposing other sanctions as a result of his failure to appear for the hearing on pretrial motions or otherwise comply with court scheduling orders. We affirm and remand.

¶3 While Birkholz's briefs to this Court contain numerous complaints about the way his case was handled, he does not set forth issues which he wishes to raise on appeal with any degree of clarity. Nor do Birkholz's briefs include supporting legal arguments as required by Rule 23(a)(4), M.R.App.P.

¶4 The record establishes that Birkholz willfully refused to appear at a hearing in the District Court on pending motions in the case and that in fact he submitted documents to the court indicating he had no intention of doing so and felt the court had no authority to compel his appearance. Birkholz moved to disqualify the sitting district judge for cause, but failed to appear for the hearing on that motion which was held before another district judge pursuant to § 3-1-805, MCA. The motion was found to be groundless. The District Court ultimately dismissed Birkholz's complaint as a sanction for his willful disobedience of scheduling orders.

¶5 The courts' policy of giving pro se litigants latitude and flexibility in presenting their cases must not be so wide as to prejudice other parties or to make a mockery of the

judicial system. *First Bank (N.A.)-Billings v. Heidema* (1986), 219 Mont. 373, 376, 711 P.2d 1384, 1386. Notwithstanding any other claims or arguments made by Birkholz here, his blatant refusal to attend, and his failure to attend, the District Court's scheduled hearing on motions pending in his case clearly justified the court's failure to grant his pretrial motions and its exercise of its Rule 41(b), M.R.Civ.P., authority to dismiss the complaint as a sanction. Therefore, we affirm the decisions and orders of the District Court.

¶6 We also determine that Birkholz's appeal is totally without merit, taken without substantial or reasonable grounds. Consequently, this matter must be remanded to the District Court for determination of the amount of the Respondents' reasonable attorney fees on appeal, which shall be assessed against Alvin Birkholz as damages for filing an appeal without merit pursuant to Rule 32, M.R.App.P.

¶7 Affirmed and remanded.

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART