No. 05-243

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 36N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

H. DEAN WEBB,

Defendant and Appellant.

APPEAL FROM: The District Court of the Fourteenth Judicial District,
In and For the County of Musselshell, Cause No. DC 2004-042,
Honorable Randall I. Spaulding, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

H. Dean Webb (pro se), Roundup, Montana

For Respondent:

Hon. Mike McGrath, Montana Attorney General, Jennifer Anders,
Assistant Attorney General, Helena, Montana

Stacy Maloney, Musselshell County Attorney, Roundup, Montana

Submitted on Briefs: August 30, 2006

Decided: February 13, 2007

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Following a jury trial in the Justice Court of Musselshell County on November 30, 2004, H. Dean Webb ("Webb") was convicted of the following offenses: (1) exceeding the nighttime speed limit on a public highway, in violation of § 61-8-303(1)(b), MCA; (2) failing to exhibit proof of motor vehicle insurance, in violation of § 61-6-302(2), MCA; and (3) failing to carry a motor vehicle registration receipt, in violation of § 61-3-322(3), MCA. After sentencing, Webb appealed to the District Court for the Fourteenth Judicial District, Musselshell County.

¶3 At the arraignment in District Court, Webb refused to enter a plea. Thus, pursuant to § 46-12-204, MCA, the court entered a plea of not guilty on Webb's behalf. Thereafter, the court issued its Omnibus Scheduling Order which required both the State and Webb to file, within a specified period of time, an Omnibus Hearing Memorandum form to address various pre-trial matters. This Order also notified Webb that statutory law allowed for dismissal of his appeal if he failed to meet deadlines set by the court. Specifically, the court referred to § 46-17-311(5), MCA, which provides:

> If, on appeal to the district court [from justice court, municipal court, or city court], the defendant fails to appear for a scheduled court date or meet a court deadline, the court may, except for good cause shown, dismiss the appeal on the court's own initiative or on motion by the prosecution and the right to a jury trial is considered waived by the defendant. Upon dismissal, the appealed judgment is reinstated and becomes the operative judgment.

¶4 Webb failed to complete the Omnibus Hearing Memorandum form within the time set by the court. However, he did write on the form, in the area designated for his signature, the following: "Do not wish to sign under threat, duress, and coercion." Additionally, Webb filed a document entitled "Objection To Proceedings Pursuant To Your MCA 46-13-101 and M.R.Civ.P. 7(b)/Brief in Support of Objection to Proceedings" and another document entitled "Notice of Status and Notice of Declaration and Reservation of Rights." In these filings, Webb asserted that both the District Court and the Justice Court lacked subject matter jurisdiction over the case. Apparently seeking to justify this assertion, Webb informed the court that he was relying on "Yahweh's Law" and "man's law when it does not conflict with Yahweh's Law (Leviticus 18:3-4)." Webb further asserted:

> H. Dean Webb is a free white male, a real, living flesh and blood man with a firm reliance on his Creator, the Ever-living Father of Abraham, Isaac and Jacob/Israyl whose Name in the Hebrew manuscripts of the Holy Scriptures is written as "YHWH" over 5,000 times. It is H. Dean Webb's understanding that YHWH is expressed as Yahweh in the English language and that Yahweh is the Creator who is the endower of H. Dean Webb's substantive and unaliable rights secured for H. Dean Webb first by Yahweh and subsequently by the Constitution for the united States . . . .

Webb also made a multitude of conclusory objections in these filings, including an objection to the court's Order which he claimed "coerced, threatened and intimidated" him into entering into a contract with the State against his will, an objection to the court's

3

"refusal and denial of the 'rights of the accused' to know the nature and cause of the accusation and the right to meet the accuser face to face," and an objection asserting that the district court proceedings conducted pursuant to Montana statutes were "in direct violation of Article 6 of your Constitution for the united States."

¶5      In light of Webb's failure to complete the Omnibus Hearing Memorandum form, the District Court issued an Order requiring him to appear at a hearing to show good cause, if any, as to why his appeal should not be dismissed.  In response, Webb filed a document entitled "Notice and Command to Quash Notice to Appear and Complaints." In this filing, Webb reiterated that he would rely on "man's law when it does not conflict with Yahweh's Law."  Additionally, Webb again asserted that the court lacked subject matter jurisdiction and, inter alia, stated:  "H. Dean Webb . . . respectfully commands that this court quash and expunge from all records" the citations which led to his convictions in Justice Court.

¶6      Webb appeared at the show cause hearing and informed the court that he would only sign the Omnibus form under threat, duress, or coercion.  Thereafter, the court issued an Order addressing Webb's filings and his failure to comply with the Omnibus Scheduling Order.  First, the court rejected the jurisdictional arguments raised in Webb's filings, stating:  "it is virtually impossible to accurately discern precisely the nature of the Defendant's complaints as the Defendant has failed to clearly articulate his objections in writing or otherwise."  As for Webb's refusal to complete the Omnibus form, the court noted that the purpose of requiring completion of that document, pursuant to § 46-13-110, MCA, is to facilitate and expedite a meaningful discussion of pre-trial

4

matters. The court then dismissed Webb's appeal pursuant to § 46-17-311(5), MCA, and reinstated the judgment of the Justice Court. Webb now appeals from the District Court's Order.

¶7 It is manifest on the face of the briefs and the record before us that this appeal is without merit. Accordingly, we conclude that our decision in this case is appropriately rendered by memorandum opinion pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003. Given the hundreds of parties awaiting resolution of meritorious appeals, we will not render a full written analysis explaining the numerous shortcomings in the instant appellate arguments challenging the District Court's Order.

¶8 Webb's brief on appeal is similar to his filings in the District Court in that it contains a multitude of conclusory assertions. For example, he continues to insist that the Justice Court and the District Court lacked subject matter jurisdiction over this case, and he asserts that the remedies provided in Montana's Uniform Commercial Code are applicable to this criminal case until the State proves otherwise. We note that the record indicates Webb has appeared *pro se* at every stage of the proceedings below. He also appears *pro se* in this appeal. This Court is consistently willing to make accommodations for *pro se* litigants by relaxing the technical requirements that do not impact fundamental bases for appeal. However, appellants ultimately have the burden of establishing error by a district court. *State v. Bailey*, 2004 MT 87, ¶ 26, 320 Mont. 501, ¶ 26, 87 P.3d 1032, ¶ 26.

¶9 Here, Webb cannot demonstrate any error because he has failed to meet a threshold requirement of appellate briefing. Pursuant to M. R. App. P. 23(a)(4), an appellant must support his or her arguments with citations to relevant legal authorities. *Rolison v. Deaconess*, 2005 MT 95, ¶ 20, 326 Mont. 491, ¶ 20, 111 P.3d 202, ¶ 20. Although his brief refers to various laws, Webb cites no legal authority supporting his claim that the District Court erred in dismissing his appeal.

¶10 Before concluding, we observe that this is not the first time Webb has brought such an appeal before this Court. In 1998, as in this case, he was convicted in the Justice Court of exceeding the nighttime speed limit. *State v. Webb*, 1999 MT 190N, ¶¶ 3-4. He appealed to the District Court and, following a dismissal of that appeal, appealed to this Court. *Webb*, ¶ 2. Webb's brief filed with this Court, as in the present case, failed to comply with M. R. App. P. 23(a)(4), and we affirmed the District Court's dismissal. *Webb*, ¶¶ 10, 11, 13, 19, 20. Our Opinion noted that Webb had "delayed and obfuscated proceedings in the District Court through various filings and refusals to cooperate." *Webb*, ¶ 6. Further, we noted that his conduct throughout the District Court proceedings was "harassing, insulting and disruptive." *Webb*, ¶ 8.

¶11 In the present case, Webb has taken a similar approach. The Justice Court, in its Sentencing Memorandum, stated: "The defendant has attempted to frustrate due process at every juncture of the proceedings and continues to argue points that have been ruled on, more than once." Similarly, in its Order of dismissal, the District Court noted:

> The Defendant has from the outset of these proceedings obfuscated and attempted to delay these proceedings. . . . The Defendant continued at every turn to act disrespectfully and belligerently with the Court and to

6

> feign his ignorance of the matters addressed by the Court. . . . The Defendant's conduct before this Court is nothing short of a not so thinly veiled attempt to make a mockery of the Court. The flexibility afforded the Defendant as a pro se litigant has given way to abuse as evidenced by the frivolous and baseless pleadings he has filed with this Court and his conduct in the courtroom.

Given the repeated conduct in the Justice Court and the District Court, and the repeated conduct on appeal, we admonish Webb. As noted in our decision disposing of his previous appeal, while we are predisposed to grant *pro se* litigants considerable latitude, we will not allow litigants to use that latitude to make a mockery of the judicial system. *Webb*, ¶ 9 (citing *First Bank (N.A.)—Billings v. Heidema*, 219 Mont. 373, 376, 711 P.2d 1384, 1386 (1986)).

¶12 In conclusion, Webb has not demonstrated any error by the District Court because he has not complied with M. R. App. P. 23(a)(4). Accordingly, we affirm the Order dismissing Webb's appeal and reinstating the judgment of the Justice Court.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ JIM RICE