FILED

April 1 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 13-0676

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2014 MT 83

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

DAMIEN ALLEN NICKERSON,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC-07-389B
Honorable Robert B. Allison, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Damien Allen Nickerson, self-represented; Sheridan, Oregon

      For Appellee:

      Timothy C. Fox, Montana Attorney General; Jonathan M. Krauss,
Assistant Attorney General; Helena, Montana

      Ed Corrigan, Flathead County Attorney; Kalispell, Montana

Submitted on Briefs:  March 5, 2014
Decided:  April 1, 2014

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Damien Allen Nickerson appeals the Eleventh Judicial District Court's denial of his motion to dismiss an arrest warrant. The issue on appeal is whether the District Court erred in denying Nickerson's motion. We reverse.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2 The Flathead County Attorney charged Nickerson with felony burglary by Information on August 9, 2007. The District Court in Flathead County issued a warrant for Nickerson's arrest that same day. Shortly afterward, Nickerson was arrested on unrelated federal charges. A federal court sentenced him on September 27, 2007, and committed him to a federal correctional institution on November 27, 2007. He is currently in a federal prison in Oregon.

¶3 On August 20, 2013, Nickerson filed a pro se motion to dismiss the Flathead County arrest warrant. Nickerson argued that the Flathead County Attorney's failure to take any action on his pending burglary charge for more than six years violated his Sixth Amendment right to a speedy trial. Nickerson's motion only explicitly requested dismissal of the warrant, but the record does not confirm whether Nickerson received notice of the Information filed against him. Regardless, it is clear that he also seeks dismissal of the underlying charge that compelled the arrest warrant. *First Bank (N.A.)-Billings v. Heidema*, 219 Mont. 373, 711 P.2d 1384 (1986) (pro se litigants are permitted considerable latitude in proceedings, so long as that latitude does not prejudice the other party).

2

¶4 He attached to his motion a letter issued by the Federal Bureau of Prisons on September 2, 2011. The letter, entitled "Detainer Action Letter," was addressed to the "Kalispell County Sheriff." The letter indicated that the Bureau of Prisons had received a report of Nickerson's outstanding warrant and made the following request:

> Will you please investigate this report, and advise what disposition, if any, has been made of the case. If subject is wanted by your department and you wish a detainer placed, it will be necessary for you to forward a certified copy of your warrant to us along with a cover letter stating your desire to have it lodged as a detainer. If you have no further interest in the subject, please forward a letter indicating so.

The record does not indicate whether the letter ever received a response. Other than this letter, and Nickerson's mention of it in his motion, no remarks pertaining to a detainer appear in the District Court record in any document offered by Nickerson. Nickerson's motion did not mention the Interstate Agreement on Detainers Act (IAD).

¶5 The Flathead County Attorney's response did not address Nickerson's Sixth Amendment arguments, but stated that Nickerson had moved for dismissal "on the grounds that the State has violated his right to a speedy trial under the provisions of the [IAD]." The brief argued that Nickerson's motion must be denied because an inmate may invoke the provisions of the IAD only after a detainer is filed. The District Court denied Nickerson's motion by minute entry and without explanation on September 23, 2013.

## STANDARD OF REVIEW

¶6 The denial of a motion to dismiss in a criminal case presents a question of law, which we review de novo. *State v. Passmore,* 2010 MT 34, ¶ 39, 355 Mont. 187, 225

P.3d 1229. Underlying findings of fact are reviewed under the clearly erroneous standard. *Passmore*, ¶ 39.

**DISCUSSION**

¶7    The IAD was adopted in Montana in 1963, where it is now codified as § 46-31-101 through § 46-31-204, MCA. The IAD is a congressionally sanctioned interstate compact within the Compact Clause, U.S. Const., Art. I, § 10, cl. 3, and thus is a federal law subject to federal construction. *Carchman v. Nash*, 473 U.S. 716, 719, 105 S. Ct. 3401, 3403 (1985) (citing *Cuyler v. Adams*, 449 U.S. 433, 438-42, 101 S. Ct. 703, 707 (1981)). The policy of the IAD is "to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints." Section 46-31-101, MCA; *State v. Seadin*, 181 Mont. 294, 297, 593 P.2d 451, 453 (1979).

¶8    Article III, Section 1, of the IAD provides that once an inmate has been notified of any detainer, and the inmate has arrived at the designated institution, the inmate may request the timely disposition of the charges for which the detainer was issued. The 180-day "speedy trial" provision specifically refers to "any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner . . . ." Section 46-31-101, MCA.

¶9    The State correctly argues on appeal that Nickerson cannot avail himself of this provision because the Flathead County Attorney has not filed a detainer against Nickerson. The provisions of the IAD bind the "receiving" state only after a detainer has

4

been filed. *Seadin*, 181 Mont. at 297, 593 P.2d at 453. "[T]he provisions of the Agreement are triggered only when a 'detainer' is filed with the custodial (sending) State by another State (receiving) having untried charges pending against the prisoner." *U.S. v. Mauro*, 436 U.S. 340, 343-44, 98 S. Ct. 1834, 1839 (1978); *Seadin*, 181 Mont. at 297, 593 P.2d at 453.

¶10 Nickerson's motion in the District Court, however, was premised on an alleged denial of his constitutional right to a speedy trial—not the IAD. He argues again on appeal that the State has unfairly delayed his prosecution for over six years, citing cases discussing the Sixth Amendment right to a speedy trial. He argues that his ability to defend against the burglary charge has been impeded "by not bringing the Defendant to trial under the speedy trial laws of the State of Montana, the right to [a] speedy trial under the Constitution of the State of Montana, and the Sixth and Fourttenth [sic] Amendments of the United States."

¶11 It is clear that Nickerson never intended to invoke the IAD. He admits in his brief on appeal that he was "totally aware" that the IAD does not apply until a detainer is filed with the federal prison where he is currently incarcerated. He refers to the State's assertion that he moved to have his charge dismissed based on a violation of the IAD as a "blatant lie." Yet the State's appellate response brief, like the Flathead County Attorney's response to the District Court, fails to acknowledge Nickerson's Sixth Amendment claim. The brief claims that Nickerson "filed a motion to dismiss the charge on speedy trial grounds under the [IAD]."

¶12 A petitioner's confinement in a federal prison does not absolve the State's duty under the constitutional guarantee. *Smith v. Hooey*, 393 U.S. 374, 377, 89 S. Ct. 575, 577 (1969). The constitutional right to a speedy trial is distinct from the right to a speedy trial under the IAD. A holding that the IAD does not apply in a particular case does not "close the inquiry" on speedy trial rights. *See Tinghitella v. Calif.*, 718 F.2d 308, 312 (9th Cir. 1983). Even where the IAD does not apply, a prisoner "has a constitutional right under the Sixth Amendment and the due process clause of the Fourteenth Amendment to have the . . . prosecution completed by imposition of sentence within a reasonable time." *Tinghitella*, 718 F.2d at 312 (citing *Smith*, 393 U.S. 374, 89 S. Ct. 575). "Some of [the speedy trial] factors may carry quite different weight where a defendant is incarcerated after conviction in another State, but no court should overlook the possible impact pending charges might have on his prospects for parole and meaningful rehabilitation." *Moore v. Ariz.*, 414 U.S. 25, 27, 94 S. Ct. 188, 190 (1973) (citing *Strunk v. U.S.*, 412 U.S. 434, 439, 93 S. Ct. 2260, 2263 (1973)).

¶13 We hold that the District Court improperly denied Nickerson's motion without addressing his speedy trial rights. We reverse and remand for consideration of Nickerson's constitutional speedy trial claim in accordance with the factors set forth in *State v. Ariegwe*, 2007 MT 204, 338 Mont. 442, 167 P.3d 815.


/S/ BETH BAKER

6

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ JIM RICE