ORIGINAL

FILED

03/09/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0504

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 20-0504

FILED

MAR 0 9 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

CRAZY CARLS, INC., d/b/a AUTO RESOURCE,

Plaintiff and Appellee,

v.

SANDRA JORGENSEN,

Defendant and Appellant.

ORDER

Appellee Crazy Carls, Inc., d/b/a Auto Resource, has filed a Motion to Dismiss on the ground Appellant Sandra Jorgensen, a self-represented litigant, did not file her opening brief in a timely manner. Jorgensen has responded.

Crazy Carls, Inc. notes that Jorgensen's opening brief was due on Monday, February 1, 2021, following receipt of the last transcript on December 31, 2020. M. R. App. P. 13(1). Crazy Carls, Inc., points out that Jorgensen did not move this Court for an extension of time, and that, as of February 10, 2021, Jorgensen had not filed her brief. M. R. App. P. 13(3).

After the motion to dismiss was filed, Jorgenson filed, on February 22, 2021, a document titled "Informal Appeal Brief," which references proceedings in the "Lower Court" and appears to be arguments in support of an appeal. We deem the document to be her appellate brief. On the same day, Jorgensen also filed a document titled "Affidavit of Truth in Verification in Opposition," which, despite its denomination, is not notarized. *See* § 1-5-602(13), MCA. Jorgensen states that her brief was timely "filed" on January 29, 2021, but that "the mails apparently are so messed up that it was not received by the court, nor the other side (or so they report)."

However, the Clerk of the Supreme Court did not receive any document from Jorgenson for filing by January 29, 2021, as Jorgenson claims, or by the due date of her

brief. This was Jorgenson's responsibility, and the problem does not appear to lie with the United States Postal Service. At the least, Jorgenson should have moved for an extension of time for filing of her brief, prior to the expiration of the time granted under the Rules of Appellate Procedure.

While "[i]t is reasonable to expect all litigants, including those acting pro se, to adhere to the procedural rules," *First Bank (N.A.)-Billings v. Heidema*, 219 Mont. 373, 376, 711 P.2d 1384, 1386 (1986), this Court gives some latitude to self-represented litigants as long as it does not prejudice the other party. *Heidema*, 219 Mont. at 376, 711 P.2d at 1386. We caution Jorgensen that she should not misrepresent any fact or action to this Court, and must comply with the Appellate Rules. However, we conclude that dismissal of the appeal would be an overly harsh sanction at this juncture. Therefore,

IT IS ORDERED that the Motion to Dismiss is DENIED without prejudice.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Sandra Jorgensen personally.

DATED this _____ day of March, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

2