ORIGINAL

FILED

08/09/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0396

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 22-0396
_____

FILED

AUG 0 9 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

JACOB SMITH,

Plaintiff and Appellant,

v.

ST. PETERS HOSPITAL, et al.,

Defendants and Appellees.

O R D E R

Jacob Smith has filed a "Motion to File Petition for Rehearing Out-of-Time" that the Clerk of Supreme Court has deemed a Petition for an Out-of-Time Appeal, pursuant to M. R. App. P. 4(6).

On May 31, 2022, this Court denied a Petition for Out-of-Time Appeal filed by Smith. *Smith v. St. Peter's Hospital, et al.*, No. DA 22-0262, Order (Mont. May 31, 2022). There, Smith sought to appeal a Lewis and Clark County District Court's Order on Motions to Dismiss, filed on February 17, 2022 (Cause No. CDV-2019-096). Thereafter, the Clerk of the Supreme Court closed that case on June 16, 2022, because the time had run for rehearing, pursuant to M. R. App. P. 20(2)(a). Smith's instant filing was deemed a new petition for an out-of-time appeal because the Clerk of the Supreme Court cannot accept petitions for rehearing after fifteen days, and this pleading actually seeks to appeal a different case. M. R. App. P. 20(1)(c).

Smith is now seeking to appeal the order of dismissal by the Lewis and Clark County District Court, also entered on February 17, 2022, in a different cause number (*Smith v. St. Peters Hospital, et. al.*, No. CDV-2019-097). Smith contends he "should not have been convicted." Smith's civil cases are an attempt to hold others liable for the role they played in his criminal convictions and sentences. He states that the victim and an E.R. nurse "conspired to fabricate a PFMA [Partner or Family Member Assault]." Smith offers similar grounds for his late appeal as he did in his earlier petition for out-of-time appeal.

M. R. App. P. 4(6) allows this Court to grant an out-of-time appeal "[i]n the infrequent harsh case and under extraordinary circumstances amounting to a gross miscarriage of justice[.]" "Extraordinary circumstances do not include mere mistake, inadvertence, or excusable neglect." M. R. App. P. 4(6).

Again, Smith has not established extraordinary circumstances, amounting to a gross miscarriage of justice, which would qualify for an out-of-time appeal. Since 2018, Smith has filed eleven direct appeals and three original proceedings with this Court. We have given Smith much latitude over the years. While we grant self-represented litigants a certain amount of latitude, "that latitude cannot be so wide as to prejudice the other party[.]" *First Bank (N.A.)-Billings v. Heidema*, 219 Mont. 373, 376, 711 P.2d 1384, 1385 (1986). Smith failed to prosecute his case in the District Court, and denial of his Petition will not cause a gross injustice. Accordingly,

IT IS ORDERED that Smith's Petition for an Out-of-Time Appeal is DENIED and DISMISSED.

IT IS FURTHER ORDERED that the Clerk of the Supreme Court shall CLOSE this matter as of the date of this Order.

The Clerk of the Supreme Court is also directed to provide a copy of this Order to counsel of record and to Jacob Smith personally.

DATED this 9ᵗʰ day of August, 2022.

_____

Justices