DA 11-0684

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 273N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

VERNON L. MILLER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDC-2011-175
Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Vernon L. Miller (Self-Represented), East Helena, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

          Leo Gallagher, Lewis and Clark County Attorney, Jeffrey T. Sealey,
Deputy County Attorney, Helena, Montana

Submitted on Briefs:  October 10, 2012

Decided:  November 27, 2012

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On September 28, 2010, Greta Hoffman's vehicle broke down near the Bridger Veterinary Clinic in Lewis and Clark County. A Helena police officer assisted Hoffman in pushing her vehicle off the road; however, the vehicle's location prevented horse trailers and other large vehicles from entering the clinic. Hoffman's father arranged for A-1 Towing to move the vehicle to Tire Rama so that it could be repaired. However, before A-1 Towing arrived to move the vehicle, Bridger Veterinary Clinic called Defendant Vernon Miller and requested towing service. Miller arrived and towed the vehicle to his junkyard.

¶3 Hoffman's father located the vehicle on October 1, 2010. He contacted Miller and attempted to pay for the towing charges by check. Miller refused to accept the check or wait a few minutes so that Hoffman's father could obtain cash. Hoffman's father contacted law enforcement to assist him in securing the return of the vehicle. On October 5, 2010, Lewis and Clark County Deputy Jason Crum and Montana Highway Patrol Trooper Joseph Cohenour went to Miller's junkyard to obtain possession of the vehicle. Miller berated the officers with a profanity-laced tirade and refused to hand over the vehicle. After the officers explained to Miller that they would obtain a warrant and return

2

to retrieve the vehicle, Miller relented and pushed the car outside the junkyard. A-1 Towing then moved the vehicle to Tire Rama.

¶4 Miller was charged with operating a commercial tow truck without proper authorization in violation of §§ 61-8-904 and -907, MCA, and theft pursuant to § 45-6-301(1)(a), MCA, for failing to return the towed vehicle to its rightful owner upon request. Miller was found guilty on both counts at a bench trial held in Lewis and Clark County Justice Court on May 9, 2011. Lewis and Clark County Justice Court is a court of record pursuant to § 3-10-101(5), MCA. On June 15, 2011, Miller received his sentence, which included fines, twenty days in jail under a six-month deferred sentence, and required Miller to write an apology letter to Hoffman.

¶5 On June 22, 2011, Miller appealed the Justice Court's decision to the First Judicial District Court, Lewis and Clark County. Miller pursued his appeal as a self-represented litigant. The District Court entered a briefing schedule that required Miller to file an initial brief by July 28, 2011. Miller apparently sent a packet of information to the Lewis and Clark County Attorney's office, but no brief was filed with the District Court before the deadline. The State filed a motion to dismiss. Despite Miller's failure to meet the briefing deadlines, the District Court reviewed the Justice Court record and affirmed the verdict after concluding that Miller's failure to follow the briefing schedule and failure to respond to the State's motion to dismiss constituted separate grounds for dismissal. Miller subsequently filed a motion for reconsideration. The District Court reiterated the reasoning set forth in its previous order affirming the Justice Court and dismissing Miller's appeal. On February 13, 2012, Miller filed yet another motion for

3

reconsideration along with his appellate brief, for which the filing deadline had passed nearly seven months earlier. The District Court gave due consideration to the fact that Miller was proceeding as a self-represented litigant on his appeal, but again concluded that the Justice Court did not err.

¶6 Miller appeals the decision of the District Court as a self-represented litigant and raises the following four issues:

¶7 1. Should the District Court have dismissed the case for outrageous government conduct?

¶8 2. Should the District Court have dismissed the case on the grounds of negligence?

¶9 3. Did the Montana Highway Patrol have subject matter jurisdiction over the offenses?

¶10 4. Did the District Court err in not dismissing the case for lack of probable cause?

¶11 An appeal from a justice court of record to a district court is confined to a review of the record and questions of law. Section 3-10-115, MCA. The district court reviews any factual findings under the clearly erroneous standard, any discretionary rulings for abuse of discretion, and both legal conclusions and mixed questions of law and fact under the de novo standard. *Stanley v. Lemire*, 2006 MT 304, ¶ 25, 334 Mont. 489, 148 P.3d 643.

¶12 We note at the outset that the District Court was under no obligation to review any of Miller's claims raised in his untimely brief. To the extent that the District Court reviewed these issues, it did so gratuitously with deference to the fact that Miller was

4

representing himself. The District Court set forth clear briefing deadlines, yet Miller failed to comply with these deadlines. As this Court has previously held, while we are predisposed to give self-represented parties considerable latitude, "It is reasonable to expect all litigants, including those acting pro se, to adhere to the procedural rules." *First Bank (N.A.)-Billings v. Heidema*, 219 Mont. 373, 376, 711 P.2d 1384, 1386 (1986). Meeting the District Court's filing deadlines required no expert legal knowledge or skill. We find no error in the District Court's dismissal of Miller's appeal based on Miller's failure to follow the briefing schedule and failure to file a responsive brief to the State's motion to dismiss.

¶13 In reviewing the four issues raised by Miller on appeal, it is apparent that Miller has failed to carry his burden of establishing district court error. *State v. Bailey*, 2004 MT 87, ¶ 26, 320 Mont. 501, 87 P.3d 1032. First, Miller was unable to point to any police misconduct that violated his rights or constituted outrageous government conduct. Second, the charges against Miller were criminal charges, so the civil defense of comparative negligence cannot be invoked. Third, subject matter jurisdiction concerns a court's power to hear a case. The Court's power to hear this case is not limited by the jurisdiction of the Montana Highway Patrol. In any event, Trooper Cohenour was acting within his jurisdiction when he assisted Deputy Crum in investigating Hoffman's allegations. Fourth, we reject Miller's request that this Court reweigh evidence and reassess the credibility of witnesses to dismiss his charges for lack of probable cause. The State presented sufficient evidence and testimony to support the guilty verdict.

¶14   We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Having reviewed the briefs and the record on appeal, we conclude that Miller has not met his burden of showing that the District Court abused its discretion or erred in any way. We therefore affirm the District Court.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JIM RICE