DA 13-0362

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 323N

VERNON L. MILLER,

      Plaintiff and Appellant,

   v.

STATE OF MONTANA,

      Defendant and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
                In and For the County of Lewis and Clark, Cause No. ADV-2013-114
                Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Vernon Lee Miller, self-represented; East Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
          Attorney General; Helena, Montana

          Leo J. Gallagher, Lewis and Clark County Attorney, Jeff Sealey, Deputy
          County Attorney; Helena, Montana

                       Submitted on Briefs:  October 9, 2013
                               Decided:  October 29, 2013

Filed:

                                _____
                                        Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Vernon Miller (Miller) appeals from the Order of the Montana First Judicial District Court, Lewis and Clark County, denying his petition for postconviction relief. We affirm.

¶3     Miller was charged with operating a commercial tow truck without an annual safety inspection in violation of §§ 61-8-904 and -907, MCA. He was also charged with theft, pursuant to § 45-6-301(1)(a), MCA, for failing to return the towed vehicle to the rightful owner upon request. At Miller's initial appearance for this case, the Justice Court set an omnibus hearing for February 9, 2011 and appointed the Office of the State Public Defender (OPD) to represent him pending determination of his eligibility for a public defender. The OPD assigned Thad Adkins (Adkins), who was representing Miller in a previous 2009 case, to represent Miller. On February 8, 2011, Miller and Adkins appeared in Justice Court for sentencing for Miller's 2009 offense. At that hearing, Adkins talked to Miller about continuing the February 9, 2011 omnibus hearing in his 2010 case. Adkins moved to continue the February 9 omnibus hearing and the hearing was continued to March 16, 2011. On February 25, 2011, the OPD sought an order rescinding Adkins's appointment because Miller did not meet the financial qualifications for the OPD's representation. The Justice Court granted that motion on February 28, 2011.

2

¶4     Miller did not appear at the March 16, 2011 omnibus hearing, and the case was set for bench trial.  Miller was convicted of both offenses following the May 9, 2011 bench trial, in Justice Court.  Miller appealed the Justice Court's decision to the First Judicial District Court, Lewis and Clark County.  Ultimately, the District Court considered Miller's appeal, affirmed the Justice Court's decision, and dismissed Miller's appeal.  Miller filed a motion for reconsideration, which the District Court also denied.  Miller appealed to this Court.  We affirmed, in a memorandum opinion.  *State v. Miller*, 2012 MT 273N.

¶5     Miller filed a petition for postconviction relief (PCR) on February 12, 2013.  In his petition for PCR, Miller alleged that Adkins failed to apprise him of the March 16, 2011, omnibus hearing and that the failure constituted ineffective assistance of counsel (IAC).  He also alleged that OPD provided him with IAC because it erred in rescinding the public defender appointment and failed to preserve his right to appeal in the 2009 case.  The District Court denied that petition on April 26, 2013.

¶6     A petition for PCR must be filed within one-year of the date the conviction becomes final.  Section 46-21-102, MCA.  This Court reviews a district court's denial of a petition for PCR by determining whether the findings of fact are clearly erroneous and whether the conclusions of law are correct.  *Garrett v. State*, 2005 MT 197, ¶ 10, 328 Mont. 165, 119 P.3d 55.  IAC claims present mixed questions of law and fact, which we review *de novo*.  *Garrett*, ¶ 9 (citing *State v. Lucero*, 2004 MT 248, ¶ 12, 323 Mont. 42, 97 P.3d 1106).  We analyze IAC claims under the conjunctive, two-prong test from *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), to determine whether (1) counsel's

3

performance fell below an objective standard of reasonableness; and (2) the criminal defendant was prejudiced by counsel's deficient performance.

¶7 Miller's claims for PCR related to his 2009 case are time-barred. The District Court declined to consider them and so do we.

¶8 Further, Miller cannot show Adkins's representation fell below an objective standard of reasonableness. Adkins indicated he told Miller that the omnibus hearing would be continued until March 16, 2011, at the February 8 hearing. Miller does not dispute this fact; rather, he asserts either that he did not hear Adkins or did not understand what Adkins was saying. In addition, Adkins stated in a sworn affidavit that he had spoken on the phone with one of Miller's daughters on February 11, 2011, and advised her of the March 16, 2011 omnibus hearing. Adkins also attested that, when he became aware that Miller did not qualify for the OPD's services, he instructed his support staff to draft a letter explaining to Miller that he did not qualify for representation by the OPD and advising him of his next court date—the March 16, 2011 omnibus hearing. Adkins attempted to inform Miller of the omnibus hearing verbally in person, through his family, and in an official letter from the OPD. This does not fall below a standard of reasonable representation and Miller cannot prevail on his claim against Adkins under *Strickland's* standard.

¶9 Nor did the OPD's termination of its representation constitute IAC. In February, 2011, Miller had sufficient assets to hire private counsel. As the District Court explained, the OPD is prohibited from representing a defendant whose assets and income, like Miller's, are sufficient for the defendant to obtain private counsel. *See* § 47-1-111, MCA. Pursuant to

4

§ 47-1-111, MCA, the OPD notified the Justice Court, and Miller, that Miller was not eligible for the OPD's representation in February 2011. The District Court correctly pointed out that the fact Miller chose to represent himself in subsequent proceedings is not evidence that Adkins and the OPD were ineffective. The OPD was not required to represent Miller; its withdrawal from representation was not only reasonable, but was required by the governing law.

¶10     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are controlled by the statutes and precedent, which the District Court correctly interpreted and applied.

¶11     Affirmed.

/S/ MICHAEL E WHEAT

We concur:

/S/ MIKE McGRATH
/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ BETH BAKER