FILED

02/13/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0227

DA 17-0227

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2018 MT 21

E. COX and C. COX,

      Plaintiffs and Appellants,

    v.

GLEN MAGERS,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV-16-247(D)
Honorable David M. Ortley, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          C. Cox, E. Cox, Self-Represented, Plains, Montana

      For Appellee:

          Sean Goicoechea, Chris Di Lorenzo, Moore, Cockrell, Goicoechea & Johnson, P.C., Kalispell, Montana

Submitted on Briefs:  December 13, 2017

Decided:  February 13, 2018

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1    E. Cox and C. Cox filed an action against Glen Magers seeking damages for personal injuries allegedly sustained in an automobile collision. They now appeal the District Court's order dismissing the action with prejudice under M. R. Civ. P. 37(d) due to each plaintiff's failure to fully answer interrogatories or to produce relevant documents during discovery. We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2    In February 2010, Magers was driving his pickup truck in downtown Kalispell when he struck the rear of a 1990 Ford Escort driven by C. Cox. E. Cox sat in the front passenger seat. Magers admitted that, at the time of the collision, he was watching a parking enforcement officer approach the road near his vehicle rather than the traffic in front of him.

¶3    Almost three years later, in February 2013, C. Cox and E. Cox filed a complaint against Magers in Sanders County District Court alleging "physical and mental damages," property damage, loss of income, and increases in expenses as a result of the collision. They served the complaint on Magers on February 1, 2016. Ten days later, Magers mailed interrogatories and requests for production for both E. Cox and C. Cox in one envelope to their address of record in Plains, Montana. The next day, Magers filed his answer and a motion to change venue to the Flathead County District Court. He served copies to E. Cox and C. Cox via mail to the same P.O. Box. The Sanders County District Court granted the motion for change of venue and transferred the case to Flathead County in early March.

2

¶4 At some point, C. Cox changed his address to a different P.O. Box in Plains. E. Cox continued to use the original address throughout the litigation. C. Cox alleges that he filed a change of address with the Sanders County District Court, but no change of address notice from that court is included in the record. In his briefing to this Court, Magers states that he received a change of address notice from C. Cox on March 16. The record shows that C. Cox filed a change of address with the Flathead County District Court on April 4.

¶5 In early April, Magers sent another letter addressed to both E. Cox and C. Cox, which explained that their responses to his discovery requests were overdue and included another copy of the discovery requests for each party. It is unclear from the record to which P.O. Box Magers sent this letter. About a week later, E. Cox sent Magers her handwritten responses to his interrogatories, along with a letter informing Magers that any mail sent to her P.O. Box was not being forwarded to C. Cox. She did not produce any of the requested documents but wrote, "Any appropriate documents mentioned in your requests for production 1 through 16 which are in my possession will be produced at the specified location within 30 days from the date of this letter."

¶6 Magers responded to E. Cox, explaining that her responses were incomplete and only partially legible. He included another copy of the discovery requests with more space provided. On the same day, Magers sent a separate letter to C. Cox requesting his belated responses. E. Cox later claimed that she did not receive Magers's letter because it was sent to C. Cox's address. Magers produced envelopes showing that both letters were sent to the address used by E. Cox. In her briefing before this Court, E. Cox changes her position

and states that she responded to this request with a second set of answers to the interrogatories. Magers states that he did not receive this response.

¶7 Following these letters, C. Cox filed a Request to Strike All Filings by Defendant, arguing that Magers had "failed and neglected to serve copies of his various filings on each of the plaintiffs." His motion stated that a brief would be filed within the allowable time. When C. Cox did not file a brief, the District Court summarily denied his motion for failure to follow Rule 2(a) of the Uniform District Court Rules.

¶8 Almost two months after resending his requests for discovery, Magers sent a letter to C. Cox informing him that if he did not respond Magers would file a motion to compel discovery. C. Cox did not submit responses to the discovery requests and Magers filed a motion to compel. E. Cox and C. Cox each filed a brief in opposition to the motion. C. Cox argued that he had not been properly served with the interrogatories and was therefore not required to respond. E. Cox argued that she already had responded to the requests. Neither argued that he or she was not in "possession, custody, or control" of the requested documents. The court granted the motion to compel and ordered both Coxes to answer the interrogatories fully and to produce responsive documents, "including any medical records or bills related to claimed injuries and damages," within fourteen days of the order. The court warned that if the Coxes did not comply, it would "consider appropriate sanctions, including potential dismissal of Plaintiffs' claims."

¶9 Following the order, the Coxes sent separate letters to Magers informing him that they would make responsive documents available to him in C. Cox's office in Plains on two different days. Magers requested that the Coxes copy and mail the documents to his

4

attorneys' offices and offered to cover copying costs. C. Cox and E. Cox did not do so. In his briefing to both the District Court and this Court, C. Cox states that the only documents that would have been made available in Plains were the documents that Magers had supplied to the Coxes.

¶10 More than fourteen days after the court's order, C. Cox and E. Cox each sent their respective interrogatory responses to Magers. Neither plaintiff provided any documentation with the responses. The following day, Magers sent letters to both Coxes that pointed to specific examples of incomplete answers—such as describing the cause of their injuries, but not identifying any actual injuries; failing to provide names of medical providers; and providing only general cost estimates of damages with no explanation of how the losses were calculated. Magers asked for more complete answers and offered the Coxes additional time to comply.

¶11 When Magers did not receive supplemental responses from the Coxes, he filed a motion to dismiss under both M. R. Civ. P. 37(b) and (d). It had been seven months since his first discovery request and more than six-and-a-half years since the collision. In compliance with M. R. Civ. P. 37(d)(1)(B), Magers certified that he had attempted in good faith to confer with the Coxes in an effort to obtain the requested discovery information without court action and had been unsuccessful. Both C. Cox and E. Cox filed briefs in opposition listing various reasons why they could not or should not have to comply with the discovery requests or the court's order. No party requested a hearing. The court granted the motion to dismiss under M. R. Civ. P. 37(d) and ordered the Coxes to pay Magers's reasonable expenses, including attorney fees. The District Court found that Magers

5

properly served both Coxes with the discovery requests on February 11; that the Coxes failed to sign their responses under penalty of perjury without limitation pursuant to § 1-6-105, MCA; that the Coxes failed to answer interrogatories fully or to produce responsive documents; that the Coxes violated the court's order compelling them to produce medical records; that the District Court properly served the order compelling discovery on the Coxes; and that the explanations the Coxes offered did not substantially justify their failure to comply or demonstrate that circumstances made an award of expenses unjust.

¶12 Both Coxes filed motions to reconsider under M. R. Civ. P. 59. The court denied both motions. After additional briefing and a reasonableness hearing, judgment was entered against the Coxes, dismissing their claim with prejudice and ordering them to pay Magers $6,634.50 in attorney fees and costs. E. Cox appeals the District Court's order dismissing the case and imposing sanctions and its order denying her motion to reconsider. C. Cox appeals the District Court's order dismissing the case, the District Court's failure to rule on the motion to quash subpoenas before granting the motion to dismiss, and the District Court's order denying his motion to strike all the defendant's filings.[1]

## STANDARDS OF REVIEW

¶13 We review for abuse of discretion a district court's imposition of sanctions for discovery abuses. *Schuff v. A.T. Klemens & Son*, 2000 MT 357, ¶ 27, 303 Mont. 274,

---

[1] We dismissed the Coxes' first appeal to this Court as premature, because the District Court had not yet determined the reasonableness of the fees and expenses. *Cox v. Magers*, No. DA 16-0686, Or. (Mont. Jan. 31, 2017).

16 P.3d 1002. A district court abuses its discretion when it acts arbitrarily, without the employment of conscientious judgment, or when its decision exceeds the bounds of reason. *Schuff*, ¶ 27.

## DISCUSSION

¶14 In reviewing discovery sanctions, we focus first on "whether there was an actual failure to comply with the judicial process," and second on "whether the severity of the sanction was appropriate." *See Xin Xu v. McLaughlin Research Inst. for Biomedical Sci., Inc.*, 2005 MT 209, ¶ 21, 328 Mont. 232, 119 P.3d 100. E. Cox and C. Cox, both appearing on their own behalf, raise various challenges to the District Court's order dismissing their claims for discovery abuse. Their claims fall into two general categories.

### A. Failure to Comply with the Judicial Process

¶15 "The purpose of discovery is to promote the ascertainment of truth and the ultimate disposition of the lawsuit in accordance therewith. Discovery fulfills this purpose by assuring the mutual knowledge of all relevant facts gathered by both parties which are essential to proper litigation." *Richardson v. State*, 2006 MT 43, ¶ 22, 331 Mont. 231, 130 P.3d 634 (quoting *Massaro v. Dunham*, 184 Mont. 400, 405, 603 P.2d 249, 252 (1979)). In that vein, the discovery rules are "liberally construed to make *all relevant facts* available to parties in advance of trial and to reduce the possibilities of surprise and unfair advantage." *Richardson*, ¶ 24. While we generally encourage trial courts to make accommodations for parties choosing to represent themselves, such "flexibility cannot give way to abuse." *First Bank (N.A.)-Billings v. Heidema*, 219 Mont. 373, 376, 711 P.2d 1384, 1386 (1986). Any latitude given to self-represented litigants "cannot be so wide as to

7

prejudice the other party. . . . To do so makes a mockery of the judicial system and denies other litigants access to the judicial process." *Heidema*, 219 Mont. at 376, 711 P.2d at 1386. "It is reasonable to expect all litigants, including those acting pro se, to adhere to the procedural rules." *Heidema*, 219 Mont. at 376, 711 P.2d at 1386.

¶16 M. R. Civ. P. 33 requires parties to litigation to respond to written interrogatories regarding any non-privileged matter that is relevant to any party's claim or defense. The responding party must respond fully, and any objection to an interrogatory must be stated with specificity. *See* M. R. Civ. P. 33(b)(3)-(4).

¶17 M. R. Civ. P. 34(a)(1) requires the responding party to produce any relevant, non-privileged documents in the responding party's "possession, custody, or control" that an opposing party requests. A party must either state that it will accommodate the request or assert an objection and state the reason for the objection. M. R. Civ. P. 34(b)(2)(B)-(C); *Richardson*, ¶ 46.

¶18 C. Cox first argues that he was not obligated to respond to Magers's discovery requests under M. R. Civ. P. 33 and 34 until thirty days after July 26 because he was not properly served with the discovery requests until that date. We disagree. M. R. Civ. P. 5(b)(2)(C) states: "A paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing." Magers sent his first discovery request to C. Cox's address of record on February 11. Nothing in the record supports a claim that C. Cox changed his address before February 11. E. Cox informed Magers that she was not obligated to "forward" anything to C. Cox; at the time the interrogatories were first served, though, C. Cox did not have a different address on record.

8

It is of no consequence that Magers sent the requests for C. Cox and E. Cox in the same envelope; there is nothing in the rules to suggest that the requests had to be sent in different envelopes to each party. Further—as C. Cox clarified in his brief opposing the motion to dismiss before the District Court—C. Cox does not claim that he did not receive the discovery requests, only that he was not properly served. Regardless of any later address mix-ups, C. Cox was properly served with the original request at his address of record and was obligated to respond within thirty days.

¶19 Both Coxes argue that they appropriately responded to Magers's discovery requests before the District Court dismissed their claims. E. Cox argues that she answered Magers's interrogatories twice before he filed his motion to compel. Both argue that they objected to the questions they did not answer fully and that they were not required to produce documents not in their physical possession.

¶20 Magers was entitled to discover evidence related to the damages the Coxes alleged in their complaint, so that he could appropriately respond to their claims or work toward settlement. In their complaint, the Coxes claimed various damages. E. Cox alleged injuries requiring transport to the Plains Clinic. C. Cox alleged that he was knocked unconscious and sustained injuries to his head, neck, back, and arms, some of which were permanent and ongoing. Both Coxes claimed to suffer "great pain of mind and body," which resulted in spending time and money obtaining medical treatment, including doctor visits, physical therapy, equipment, medicine, and travel, as well as loss of income and increases in expenses. In addition, C. Cox alleged various property damage.

¶21 We agree with the District Court that Magers's interrogatories and requests for production of documents were relevant and legitimate based on the damages alleged in the Coxes' complaint. The requests appropriately were targeted to discover evidence related to the Coxes' claims and Magers's possible defenses. C. Cox and E. Cox put their physical and mental condition, as well as their income, at issue. Therefore, C. Cox and E. Cox were required to answer interrogatories about their health and income and to produce documentation supporting their claims.

¶22 If requests are too broad, a responding party must object and specifically state the reasons for objecting in his or her response. *See* M. R. Civ. P. 33. After attempting to resolve the dispute in good faith with the opposing party, the responding party may seek an order of protection from the district court to limit discovery. *See* M. R. Civ. P. 26(c). The Coxes did neither of these things. Failing to answer, stating the party cannot recall, or asserting that the request is not applicable does not state an objection with specificity. There is no indication in the record that the Coxes attempted to express any specific objections to Magers or to resolve any disagreements over the scope of his interrogatories. Further, under M. R. Civ. P. 37(d), a failure to answer interrogatories or to produce documents "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." M. R. Civ. P. 37(d)(2). Neither C. Cox nor E. Cox filed a motion for a protective order before the District Court at any time during this litigation. Magers was entitled to the information he sought in order to assess and build a defense against the damages the Coxes

alleged in their complaint. The Coxes' failure to answer interrogatories fully or to produce responsive documents violated the rules of discovery.

¶23 Both Coxes also argue that they were not required under M. R. Civ. P. 34 to retrieve documents—such as their medical records—from third parties. They each argue that their medical records were not in their physical possession. Under M. R. Civ. P. 34(a)(1), a party may request relevant documents in the opposing party's "possession, custody, or control." Under its plain language, the rule is not limited to documents in a party's physical possession. Federal Rule of Civil Procedure 34(a)(1) is identical to M. R. Civ. P. 34(a)(1). Federal courts that have addressed the meaning of documents in a party's "control" have held that "control is defined as the legal right to obtain documents upon demand." *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989) (citing *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984)). We adopt this definition for "control" under M. R. Civ. P. 34(a)(1). C. Cox argues that he was unable to obtain subpoenas to acquire his medical records from his providers and thus could not obtain his medical records. However, subpoenas are not required to obtain one's own medical records. Under § 50-16-541, MCA, a medical provider must provide a patient with a copy of the patient's own medical records upon the patient's request. In other words, a patient has a legal right to obtain the patient's own medical records upon demand. Thus, a party's own medical records are in that party's "control." Absent a court order limiting discovery, C. Cox and E. Cox were required to produce the requested medical records for Magers to inspect.

11

¶24    The Coxes' incomplete responses and refusal to produce documents violated M. R. Civ. P. 33 and 34. Further, the Coxes violated a court order compelling them to respond fully and to produce responsive documents, specifically including their medical records. The Coxes clearly failed to comply with the judicial process.

*B. Severity of Sanctions*

¶25    Time after time, this Court has held that discovery abuse will not "be dealt with leniently and that the transgressors of discovery abuses should be punished rather than encouraged repeatedly to cooperate." *Smith v. Butte-Silver Bow Cnty.*, 276 Mont. 329, 332, 916 P.2d 91, 92-93 (1996) (citing *Owen v. F.A. Buttrey Co.*, 192 Mont. 274, 277-78, 627 P.2d 1233, 1235 (1981)); *see also Xin Xu*, ¶ 20 (applying the same policy of non-leniency to self-represented litigants). "District courts are better positioned than we are to evaluate the conduct and good faith of parties during discovery, and as such they enjoy considerable leeway in sanctioning discovery abuses." *Peterman v. Herbalife Int'l, Inc.*, 2010 MT 142, ¶ 23, 356 Mont. 542, 234 P.3d 898.

¶26    Under M. R. Civ. P. 37(d), a district court may dismiss a claim and order sanctions upon motion of the opposing party if a responding party fails to answer or to object to interrogatories or requests for production. M. R. Civ. P. 37(d) does not require a party's complete failure to answer interrogatories or otherwise respond to discovery requests; rather, sanctions are appropriate when responses are unsigned, late, and not fully responsive. *Eisenmenger ex rel. Eisenmenger v. Ethicon, Inc.*, 264 Mont. 393, 402, 871 P.2d 1313, 1318 (1994).

¶27 When we assess the propriety of sanctions imposed by a district court, we consider a number of factors: whether the sanction relates to the extent and nature of the actual discovery abuse; whether the sanction relates to the extent of the prejudice to the opposing party; whether the sanction is consistent with the consequences expressly warned of by the district court, if a warning was issued; and whether the party disregarded the court's orders and authority. *See Culbertson-Froid-Bainville Health Care Corp. v. JP Stevens & Co. Inc.*, 2005 MT 254, ¶ 14, 329 Mont. 38, 122 P.3d 431; *Xin Xu*, ¶ 26.

¶28 C. Cox argues that even if the district court properly dismissed his medical and lost income claims, the court should not have dismissed his claims for property damage. Both Coxes argue that the sanctions were improper because they were not given an adequate warning that dismissal was a possible sanction and because no hearings were held.

¶29 The Coxes failed to comply with the rules of discovery in any meaningful way; both E. Cox and C. Cox did not respond fully to interrogatories, and neither provided any responsive documents. After months of attempting to obtain discovery responses from the Coxes, Magers did not even know what specific injuries the Coxes claimed as a result of the collision. The extent of the Coxes' discovery abuses impermissibly prejudiced Magers. The lack of substantive response meant not only that Magers could not prepare a defense, but that he could not assess the value of the Coxes' claims or attempt to settle with them. He was forced to litigate the case under a "cloud of uncertainty." *Culbertson*, ¶ 18. The District Court did not abuse its discretion in dismissing the claim in its entirety, including any claims for property damage, because the Coxes failed to answer interrogatories or to provide documentation to support any of their claims.

¶30     The Coxes' argument that they were inadequately warned about the possibility of sanctions also fails. Under M. R. Civ. P. 37(d), the district court is not required to forewarn a party of possible sanctions or to hold a hearing. *Dambrowski v. Champion Int'l Corp.*, 2000 MT 149, ¶ 23, 300 Mont. 76, 3 P.3d 617. Plaintiffs are entitled only to notice and an opportunity to be heard. *Dambrowski*, ¶ 24. Magers's motion to compel and his motion to dismiss put the Coxes on notice that the court may order sanctions. E. Cox and C. Cox had opportunities to be heard: they each filed briefs opposing both motions, and neither plaintiff requested a hearing. Further, in its order granting Magers's motion to compel, the court specifically warned the Coxes that failure to comply with discovery requests could result in "potential dismissal of Plaintiffs' claims."

¶31     We recognize that E. Cox and C. Cox are representing themselves. However, self-represented parties may not flout the rules of discovery and court orders. All plaintiffs must adhere to the procedural rules. *Xin Xu*, ¶ 23. When, as here, the trial court's discovery sanction relates to the extent of the prejudice that resulted from the discovery abuse, it does not abuse its discretion.

¶32     To the extent that E. Cox and C. Cox purport to raise other issues with the underlying litigation, their claims are not supported by citation to legal authority. Pursuant to M. R. App. P. 12(1)(g), we decline to address those issues. *See Smart v. Molinario*, 2004 MT 21, ¶ 15, 319 Mont. 335, 83 P.3d 1284.

## CONCLUSION

¶33 The District Court did not abuse its discretion by granting Magers's motion for sanctions, denying C. Cox's motion to strike, and denying E. Cox's motion to reconsider. Its judgment dismissing the complaint is affirmed.

/S/ BETH BAKER

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE