**ORIGINAL**

FILED

02/15/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0069

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0069

---

JAMES H. HENDERSON and MERRI J.
HENDERSON,

Petitioners,

v.

MONTANA THIRD JUDICIAL DISTRICT,
GRANITE COUNTY, HONORABLE RAY
DAYTON, Presiding,

Respondent.

ORDER

FILED

FEB 15 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

---

Petitioners James "Jim" H. Henderson and Merri J. Henderson (Hendersons) seek a writ of supervisory control to vacate the Third Judicial District Court's February 3, 2022 Order Denying Motion to Terminate Deposition in Granite County Cause No. DV-19-30. Hendersons assert the court erred in denying their motion because a medical expert testified that Jim should not participate in another deposition in this matter because of mental health issues.

Hendersons are the defendants in a civil matter initiated by their son Brian Henderson. On January 7, 2021, Jim sat for a deposition in this matter on limited issues regarding document production, apparently without incident. The District Court later granted leave for Brian to depose Jim again on broader subject matter. Jim then moved for a protective order, requesting that Brian's wife Rhonda Henderson be barred from attending the deposition. Jim alleged that Rhonda's presence "amplified" his anxiety. In support of his motion, he offered a letter from a medical provider that opined it was in Jim's best interest not to attend further depositions because they increased his anxiety, and if he did attend a deposition, "it may be of benefit if Rhonda is not present[.]" The District Court denied the motion for protective order, concluding that Brian had demonstrated Rhonda was essential to the preparation and

presentation of his claims in this matter and therefore entitled to attend the deposition under M. R. Evid. 615(3).

Jim participated in this second deposition on June 23, 2021. Approximately 40 minutes into the deposition, he complained of chest pains. The deposition was adjourned and Jim was transported to a hospital, where he was diagnosed with a panic attack.

After Jim received a notice for the resumption of his deposition, he moved the District Court to terminate the deposition pursuant to M. R. Civ. P. 30(d)(3), arguing that resumption would result in unreasonable annoyance because the anxiety of having to be deposed would cause him physical discomfort. After briefing, the District Court ruled that Jim had not established that he was unable to resume the deposition; however, it ordered a hearing to allow the parties to establish additional facts. During that hearing, Family Nurse Practitioner Heide Applegate, who had seen Jim for the first time the day before the hearing and had reviewed his medical records, opined that Jim was experiencing severe anxiety about the impending deposition and he had threatened to commit suicide if he had to endure another deposition. Applegate opined that she had "very serious concerns" about Jim's wellbeing if he were compelled to resume the deposition.

After hearing Applegate's testimony and the parties' arguments, the District Court orally denied Jim's motion to terminate the deposition. The court acknowledged that Jim appeared "very, very stressed out about this case," and found that Jim had established the existence of underlying depression and anxiety. The court observed, however, that depositions often are stressful for deponents and that if the court was to find stress and anxiety sufficient to terminate a deposition, the court would have to grant protective orders in a large percentage of cases. In its subsequent written order, the court asserted that it was unpersuaded by Hendersons' arguments and referred to its oral rationale. This Petition followed.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are

2

involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). Supervisory control is appropriate when the district court is proceeding based on a mistake of law which, if uncorrected, would cause significant injustice for which an appeal is an inadequate remedy. *Truman v. Mont. Eleventh Judicial Dist. Court*, 2003 MT 91, ¶ 13, 315 Mont. 165, 68 P.3d 654 (citing *Park v. Sixth Judicial Dist. Court*, 1998 MT 164, ¶ 13, 289 Mont. 367, 961 P.2d 1267). Whether it is appropriate for this Court to assume supervisory control is a "case-by-case decision that depends on the presence of extraordinary circumstances and a particular need to prevent an injustice from occurring." *Truman*, ¶ 13 (citing *Park*, ¶ 13).

Pretrial discovery disputes typically are not appropriate for exercise of supervisory control. *USAA Cas. Inc. Co. v Eighth Judicial Dist. Court*, No. OP 19-0139, 396 Mont. 547, 449 P.3d 793 (Apr. 23, 2019). In *USAA*, the petitioner sought supervisory control when, like the present case, the District Court denied its motion for a protective order under M. R. Civ. P. 30. In that case, USAA argued that the requested deposition would be an undue burden. In considering, and ultimately denying, USAA's petition, we relied on precedent that emphasized the importance of liberal discovery as well as the inherent discretion of trial courts to control the discovery process:

> "The purpose of discovery is to promote the ascertainment of truth and the ultimate disposition of the lawsuit in accordance therewith. Discovery fulfills this purpose by assuring the mutual knowledge of all relevant facts gathered by both parties which are essential to proper litigation." *Massaro v. Dunham*, 184 Mont. 400, 405, 603 P.2d 249, 252 (1979) (citing *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 392, 91 L. Ed. 451 (1947)). Discovery rules are to be "liberally construed to make *all relevant facts* available to parties in advance of trial and to reduce the possibilities of surprise and unfair advantage." *Cox v. Magers*, 2018 MT 21, ¶ 15, 390 Mont. 224, 411 P.3d 1271 (quoting *Richardson v. State*, 2006 MT 43, ¶ 24, 331 Mont. 231, 130 P.3d 634) (emphasis in original). A district court has "inherent discretionary power to control discovery based on its authority to control trial administration." *Henricksen v. State*, 2004 MT 20, ¶ 35, 319 Mont. 307, 84 P.3d 38 (citing *Anderson v. Werner Enters., Inc.*, 1998 MT 333, ¶ 13, 292 Mont. 284, 972 P.2d 806).

*USAA* at 4.

3

Having reviewed the petition, the hearing transcript, and the other exhibits presented, we conclude that Hendersons have not established the criteria for an extraordinary writ. We review a district court's ruling on a discovery matter for abuse of discretion. *State of Or. ex rel. Worden v. Drinkwalter*, 216 Mont. 9, 12, 700 P.2d 150, 152 (1985). A district court has inherent power to control discovery by denying a motion for protective order and allowing a deposition to proceed. *USAA* at 6 (citing *Henricksen*, ¶ 35). Acting within its inherent power to control discovery, the District Court made findings based on the evidentiary record before it and drew its conclusions from its consideration of that evidence in ruling to deny Hendersons' motion for protective order. Hendersons argue that Jim's threat of suicide presents an emergent circumstance that compels this Court's intervention. Their petition for writ, however, does not raise an issue that is purely one of law but involves a matter of discretion based on determination of facts; it therefore fails to satisfy the standards for supervisory control. The District Court's order does not rule out other options to lessen the potential stress of the deposition, such as holding it without Brian Henderson or Rhonda Henderson present, which counsel for Brian observed Jim had "handled ... quite well."

IT IS THEREFORE ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioners, all counsel of record in the Third Judicial District Court, Granite County, Cause No. DV-19-30, and to the Honorable Ray Dayton, presiding Judge.

DATED this 15 day of February, 2022.

_____
Chief Justice

_____

_____

4

_____

_____
Justices