FILED

09/06/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0394

DA 21-0394

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 172N

JACOB LEE SMITH,

        Petitioner and Appellant,

    v.

STATE OF MONTANA, DEPARTMENT OF HEALTH
AND HUMAN SERVICES, PATTI RENENGER,
KRISTA MIX, CITY OF HELENA, MT, CITY
OFFICER BRIAN FISCHER, CITY OFFICER,
JOHN DOE, TARA HARRIS, LEWIS AND CLARK
COUNTY, WENDY HOLDEN-JOHNSON,
PUBLIC DEFENDER'S OFFICE REGION 4,

        Respondents and Appellees.

APPEAL FROM:    District Court of the First Judicial District,
                In and For the County of Lewis and Clark, Cause No. BDV-2017-754
                Honorable Michael F. McMahon, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Jacob Lee Smith, Self-Represented, Shelby, Montana

        For Appellees State of Montana, Department of Public Health and Human
        Services, Patti Renenger, Krista Westerhold, Tara Harris, Wendy Johnson, and
        the Office of the Public Defender, Region 4:

        Austin Knudsen, Montana Attorney General, Patrick M. Risken, Bureau
        Chief, Agency Legal Services Bureau, Helena, Montana

        For Appellees City of Helena and Bryan Fischer:

        Sarah Mazenec, Patricia Klanke, Drake Law Firm, PC, Helena, Montana

Submitted on Briefs:  August 10, 2022

Decided:  September 6, 2022

Filed:

_____
Clerk

2

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jacob Smith appeals the First Judicial District Court's dismissal of his complaint for damages against the City of Helena, State of Montana, and various City and State employees arising from their involvement in the 2014 removal of his children and the filing of criminal charges against him. Smith's notice of appeal states he is appealing the District Court's July 13, 2021 Order on Pending Motions that denied Smith's motion for default judgment against the City Defendants and his motion for clarification of and relief from an April 21, 2021 order granting the State Defendants' motion to dismiss. In his briefing, Smith also challenges the court's April 21 rulings that gave rise to his motion for clarification and relief. He did not separately appeal the District Court's final order in the case on July 30, 2021, which granted the City's motion for judgment on the pleadings, but argues that the court should have examined the Second Amended Complaint as the "operative" pleading.[1] We affirm.

---

[1] Smith also does not challenge the District Court's February 1, 2021 order granting the County's motion to dismiss, and the County has not appeared in this appeal.

3

¶3      Representing himself, Smith filed his initial complaint on September 26, 2017.  In addition to himself, he named his two minor daughters as plaintiffs.  Smith sought declaratory and injunctive relief as well as one million dollars in compensatory damages against each defendant, jointly and severally, and a like amount in punitive damages.  After the City Defendants answered and the County Defendants moved to dismiss, Smith filed a motion for leave to amend his complaint; at the same time, he filed a notice of filing the amended complaint as to the State, which had not yet answered.  Three weeks later, the City filed an objection, asserting that Smith did not serve counsel for the City Defendants with a copy of the motion in violation of M. R. Civ. P. 5 and that they learned of the filing when counsel checked the court's docket.  The City Defendants also advised that they had not been served with a copy of the proposed amended complaint.

¶4      The District Court entered an order on October 2, 2020, noting that Smith had not included a certificate of service or apparently served the Defendants with his "notice" or proposed amended complaint.  It gave him until October 25 to re-file and properly serve all parties with a second proposed amended complaint.[2]  Smith sought additional time and submitted a proposed order, which the District Court signed, granting him until December 18, 2020, "to file his second amended complaint."  Smith filed his Second Amended

[2] In the same order, the District Court directed Smith to remove all claims he purported to bring on behalf of his two minor children.  The court previously had denied Smith's motion for appointment of counsel for himself and his two minor daughters.  The court noted that there is "no constitutional or statutory requirement that an indigent party be provided with court-appointed counsel in a civil proceeding." (quoting *In re Adoption of K.L.J.K.*, 224 Mont. 418, 421, 730 P.2d 1135, 1137 (1986)).  On appeal, Smith requests the Court to order the District Court to reinstate the children's claims and "recommend the appointment of counsel."  The District Court, however, was correct as a matter of law in these rulings, and we affirm its orders.

4

Complaint on December 14, but the City Defendants objected and moved to strike because he had not sought leave of court or consent of the parties and he had not included a certificate of service.

¶5     At the conclusion of an April 20, 2021 hearing on various motions, the District Court granted the City Defendants' motion to strike Smith's Second Amended Complaint for failure to properly file and serve it on the City.  The court issued an order the following day clarifying that Smith's motion to amend his complaint as to the City was denied without prejudice and allowing Smith the opportunity to properly move to amend his complaint and submit his proposed second amended complaint to the court "as an exhibit to a compliant Rule 15 motion and supporting brief."  The Order advised Smith that it was "the last opportunity that this Court will grant Smith latitude relative to his attempt to amend his Complaint in accordance with the Montana Rules of Civil Procedure against the City."

¶6     In the same Order, the District Court granted the State Defendants' motion to dismiss Smith's complaint with prejudice, adopting the arguments in the State's briefing.

¶7     Smith did not file a motion for leave to amend his complaint as to the City Defendants within the time the District Court allowed. Smith did move, however, for default judgment against the City Defendants, asserting that they had failed to file an answer to the Second Amended Complaint that the District Court had stricken from the

5

record.  Smith also sought relief from the court's April 21 orders.  The District Court's July 13, 2021 order denied each of Smith's motions.[3]

**City Defendants**

¶8      Smith argues that the District Court should have allowed the Second Amended Complaint to proceed because its October 2020 orders authorized Smith to file it.  As such, he argues that the court erred by denying his motion for default judgment against the City, which never answered that complaint.

¶9      "We review a district court's decision regarding a motion to amend a complaint for abuse of discretion."  *Hickey v. Baker Sch. Dist. No. 12*, 2002 MT 322, ¶ 12, 313 Mont. 162, 60 P.3d 966 (citation omitted). We review an order denying a motion for default judgment for a manifest abuse of discretion.  *Carter v. Badrock Rural Fire Dist.*, 2021 MT 280, ¶ 11, 406 Mont. 174, 512 P.3d 241.  "A manifest abuse of discretion is one that is obvious, evident, or unmistakable."  *Carter*, ¶ 11.

¶10      The record shows, as Smith points out, that the District Court's October 20, 2020 order, which was Smith's proposed order for a 60-day extension of time, said simply that Smith had until December 18 "to file his second amended complaint."  But the court's October 2, 2020 order made clear that Smith had failed to comply with the rules when he

---

[3] The State argues that only the rulings in the July 13, 2021 order are subject to review in this appeal and that the Court should not consider the prior orders that Smith did not separately or timely appeal.  M. R. App. P. 6(1) provides, however, that when a final judgment or order is appealed, the Court may review "all previous orders and rulings excepted or objected to which led to and resulted in the judgment."  Giving Smith the latitude we endeavor to provide self-represented parties, and finding no prejudice to the State, we consider Smith's arguments on the merits.

did not serve the City with his amendment notice or with the proposed amended complaint. The court directed him to file his *proposed* second amended complaint, respond to the City's motion for dismissal, and properly serve the City with his filings. Smith did not follow these instructions.

¶11 Even if Smith reasonably misunderstood the District Court's orders, he has not shown prejudice from the court's later ruling striking the Second Amended Complaint for failure to comply with the rules. In the same order, the District Court permitted him to essentially start over and file a motion for leave to amend the complaint, to attach his proposed amended complaint to that motion, and to submit a supporting brief. The court thus, as Smith argues it was required to do, granted him an opportunity to seek leave to amend the complaint, provided he follow the Rules of Civil Procedure in doing so. The court did not manifestly abuse its discretion when it later denied Smith's motion for default judgment after he continued to rely on the stricken Second Amended Complaint instead of following the court's directions for seeking leave to amend.

**State Defendants**

¶12 The State Defendants moved to dismiss Smith's complaint against them for two reasons. First, the State argued that Smith failed to effect proper service of process on the State Defendants within the required three years in accordance with the Montana Rules of Civil Procedure. Second, the State argued that Smith's complaint failed to state a claim against the State Defendants for which relief could be granted. The District Court did not explain whether it relied on one or both arguments in granting the State's motion. Smith's principal objection to the District Court's dismissal of the State Defendants is that the court

7

improperly relied on "self-serving" testimony from the State's counsel regarding service of process.

¶13    This Court reviews for correctness a district court's conclusions of law regarding sufficiency of service and reviews its related findings of fact for clear error. *Cascade Dev., Inc. v. City of Bozeman*, 2012 MT 79, ¶ 8, 364 Mont. 442, 276 P.3d 862.

¶14    At the April 20, 2021 motions hearing, the court heard testimony from State counsel Ben Eckstein.  Smith claimed that in a phone conversation, Eckstein had agreed to waive service of process on the Department of Administration.  Eckstein testified that his agreement was made for a different case Smith had filed; he explained that they did not discuss service in this case, that he did not agree to waive any service requirements, and that what they discussed related to this case was Smith's intention to submit an amended complaint.  The State included in the record a copy of an August 12, 2020 letter Eckstein wrote to Smith summarizing their conversation.  The letter confirmed Eckstein's understanding that Smith was "in the process of seeking to amend [the] complaint and that [Smith would] not seek any default, if at all, until that process is complete and the State Defendants have been accorded a full 42 days in which to respond to an operative complaint."  The letter said nothing about service of process.

¶15    Smith submitted an affidavit attesting that he had spoken by phone with Eckstein, who "agreed to appear upon the State Defendants['] behalf and also specifically concerning process of service [sic] for the department of administration and Defendant Marc Kittleson in this case and a related case."  Smith argues that he "swore under oath that Mr. Eckstein waived service of process for both cases during the same phone conversation."  Smith's

8

affidavit, however, is not as clear as the language he represents, and the record shows that Smith neither testified nor called any other witness at the hearing to rebut Eckstein's testimony. Smith does not point to any other evidence in the record showing that he properly served the State.

¶16 "Rules for service of process are mandatory and must be strictly followed." *Cascade Dev., Inc.*, ¶ 14 (citation omitted). Although Smith and Eckstein may have had a misunderstanding, Smith has not shown clear error in the District Court's implicit finding that Eckstein did not waive service of process. Smith does not argue that he effectuated timely service as required by the Rules of Civil Procedure. Because the rules for service were not strictly followed, Smith failed to perfect service on the State Defendants, and the court did not err when it dismissed the complaint against them.

¶17 Smith's motion for relief from the dismissal under M. R. Civ. P. 60(b) did not compel a different conclusion. Smith invoked subsection (3) of that rule, which required him to show "fraud . . ., misrepresentation, or misconduct by an opposing party." Smith's motion argued that the District Court did not give him an opportunity to testify at the April 2021 hearing or to respond after the State's counsel gave final argument on the motion. Had he been given the chance to do so, Smith contended, he would have made the case:

> that it cannot reasonably be believed that Ben Eckstein waived service on another cas[e] during the August 4, 2020, phone conversation with Smith and did not waive process of service on this case and, after the phone conversation with two (2) months left to achieve service, Smith just completely failed to complete service on the DOA.

The hearing transcript shows that Smith cross-examined Eckstein regarding his understanding of their conversations and that the court gave him the opportunity to ask

9

additional questions after re-direct examination. The court asked Smith if he had any witnesses to rebut Eckstein's testimony; Smith did not, and he did not put himself under oath to offer his own testimony. His post-judgment motion offered no additional evidence to show fraud or misrepresentation but essentially argued—as he does on appeal—that Eckstein's testimony should not have been credited.

¶18 The District Court is the judge of witness credibility and resolves conflicts in the evidence. *Willis v. Fertterer*, 2013 MT 282, ¶ 25, 372 Mont. 108, 310 P.3d 544 (citation omitted) (noting that, on appeal from factual determinations, "[w]e view evidence in the light most favorable to the prevailing party, and we leave the credibility of witnesses and the weight assigned to their testimony for the determination of the trial court."). We conclude that the District Court did not abuse its discretion when it denied Smith relief under M. R. Civ. P. 60(b)(3). *See Essex Ins. Co. v. Moose's Saloon, Inc.*, 2007 MT 202, ¶ 16, 338 Mont. 423, 166 P.3d 451.

**Alleged Judicial Improprieties**

¶19 Smith's motion for relief from the District Court's April 20, 2021 order invoked M. R. Civ. P. 60(b)(6) to argue that extraordinary circumstances justified relief because of Smith's treatment by the court and defense counsel. Smith contends that the District Judge exercised "acute unfairness in its systematic dismissal of Smith's properly brought and served claims, show[ed] extreme bias, and assisted the State in their strategically timed 'prop[o]sed orders' and ex parte communications." Upon review of the record, we disagree with Smith's contentions and find no reason to reverse the District Court for these alleged improprieties. There is no indication that the court engaged in ex parte communications

10

with the Defendants' counsel; Smith only surmises as much from the timing and content of the court's orders. The hearing transcript also does not support Smith's claim that the District Court mistreated Smith or showed bias against him. Although the court occasionally stopped him or interrupted during the hearing, the record shows that Smith had a fair opportunity to present his case. The District Court afforded Smith a reasonable amount of latitude as a self-represented litigant while ensuring that the Defendants were not prejudiced as a result. *See Cox v. Magers*, 2018 MT 21, ¶ 15, 390 Mont. 224, 411 P.3d 1271 (latitude given to self-represented litigants "cannot be so wide as to prejudice the other party").

¶20 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. The District Court committed no errors of law and did not abuse its discretion when it dismissed Smith's complaint against all Defendants. We affirm.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR